IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| DAVID P. KING, JR.,<br><br>               Plaintiff,<br><br>vs.<br><br>LSF9 MASTER PARTICIPATION<br>TRUST,<br><br>               Defendant. | CV 17-172-M-DLC-JCL<br><br><br>ORDER, and FINDINGS AND<br>RECOMMENDATION |

Before the Court is the Fed. R. Civ. P. 12(c) motion for judgment on the pleadings filed by Defendant U.S. Bank, N.A., as Trustee for LSF9 Master Participation Trust ("U.S. Bank"). Also before the Court is Plaintiff David King, Jr.'s subsequent Fed. R. Civ. P. 15 motion for leave to file an amended complaint. For the reasons discussed, the Court grants King's motion to amend and, therefore, recommends U.S. Bank's motion be denied with leave to renew.

**I. Background**

On December 15, 2017, King commenced this action by filing his complaint. He was appearing in this action and prosecuting his claims pro se at that time.

King resides on his private property in Darby, Montana, which he purchased in approximately 2001. He later commenced construction of a new home on the

1

property, and to do so he obtained a construction loan secured by a deed of trust encumbering his real property. Due to construction complications and cost overruns, King refinanced the construction loan and the balance on the debt grew. The new loan and promissory note that is apparently the subject of this action was originally stated as a loan in the amount of $350,000.

King apparently was not able to continue making the required loan payments after December, 2008. By March, 2009, the trustee on the deed of trust sought to foreclose and sell King's property, but the foreclosure did not occur.

In March, 2011, King filed for bankruptcy. At that time OneWest Bank, FSB asserted it was the secured creditor relative to King's promissory note.

In September, 2016, King received a notice indicating that LSF9 Master Participation Trust had become the owner of the subject loan. But, at the same time, King had been informed that Fannie Mae held ownership of the subject promissory note.

Through King's bankruptcy proceedings OneWest and Fannie Mae eventually disavowed ownership of King's promissory note. LSF9 Master Participation Trust remained as the purported owner of the note.

But through this action King asserts LSF9 Master Participation Trust is not the owner or holder of the promissory note that King signed. He believes the actual

creditor on the promissory note is OneWest Bank. Consequently, King's original complaint requests a declaratory judgment establishing that LSF9 Master Participation Trust is not the "Note Holder", is not entitled to receive loan payments, and does not possess the rights to enforce either the promissory note or the deed of trust. He further alleges LSF9 Master Participation Trust has falsely claimed ownership of the promissory note, allegedly in violation of federal law at 15 U.S.C. § 1602(g), and that it provided him with an inaccurate address for its business, allegedly in violation of 15 U.S.C. § 1641(g). Thus, he also requests an award of compensatory and punitive damages.

In response to King's complaint U.S. Bank, as Trustee for LSF9 Master Participation Trust, filed a Fed. R. Civ. P. 12(c) motion for judgment on the pleadings. In substance, it argues that the existing transaction documents of which the Court can take judicial notice establish that the creditor rights under King's promissory note have been assigned to LSF9 Master Participation Trust. And it argues the federal statutes on which King relies do not provide him with a legal cause of action. Therefore, it requests the Court dismiss King's complaint.

On May 3, 2018, King filed a Notice of Appearance reflecting that he retained legal counsel to represent him in this action. On that same date King's new counsel filed a Motion for Leave to File a First Amended Complaint under

authority of Fed. R. Civ. P. 15.

King's proposed amended complaint, as later revised and resubmitted to the Court on May 30, 2018 (doc. 36-2), contains many of the same factual allegations set forth in King's original complaint. King asserts the chain of documents allegedly assigning ownership of the promissory note to LSF9 Master Participation Trust is defective.

King's proposed amended complaint advances various legal claims for relief predicated primarily upon his theory that LSF9 Master Participation Trust, contrary to its representations to King, is not the current owner of King's promissory note, and does not have the authority to enforce either the note or the related deed of trust. King's proposed claims assert LSF9 Master Participation Trust is liable for negligent misrepresentation, constructive fraud, unfair and deceptive practices, and for violations of the Fair Debt Collection Practices Act at 15 U.S.C. §§ 1692f(6) and 1692k. He requests an award of compensatory and punitive damages, and an award of his attorney's fees.

## II. Discussion

King's allegations in both his original complaint and his proposed amended complaint invoke the Court's federal question jurisdiction under 28 U.S.C. § 1331. And pursuant to 28 U.S.C. § 1367(a), the Court possesses supplemental

jurisdiction over King's claims advanced under Montana law.

King's motion for leave to file an amended pleading is filed under authority of Fed. R. Civ. P. 15 which permits a party to amend a pleading with the Court's leave, and "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a). Rule 15 embodies a liberal policy in favor of granting a party leave to amend, and leave "should be granted unless amendment would cause prejudice to the opposing party, is sought in bad faith, is futile, or creates undue delay." *United States v. Gila Valley Irrigation District*, 859 F.3d 789, 804 (9th Cir. 2017). And the determination of whether a litigant should be granted leave to amend is left to the discretion of the Court. *Barahona v. Union Pacific Railroad Company*, 881 F.3d 1122, 1134 (9th Cir. 2018).

The Court first notes that due to procedural circumstances in this case, a Fed. R. Civ. P. 16(b) scheduling order has not yet been imposed. Therefore, King's proposed amended pleading would not create an undue delay in this matter.

Next, U.S. Bank does not argue that King's proposed amended complaint would cause it prejudice, or that King seeks the amendment in bad faith. Therefore, the Court concludes those factors weigh in favor of allowing King's amendment.

U.S. Bank instead focuses its opposition to King's motion for leave to amend on its assertion that the proposed amendments would be futile. As noted,

the Court may deny leave to amend if the proposed amendment is futile, but futility exists "only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Barahona v. Union Pacific Railroad Company*, 881 F.3d 1122, 1134 (9th Cir. 2018).

U.S. Bank argues King's amended pleading is futile on the basis that it could later be defeated through a dispositive motion. Specifically, U.S. Bank continues to argue that the chain of transaction documents establish that it is, in fact, the creditor on King's subject promissory note. U.S. Bank submitted the affidavit of Jaime Guevara, an employee of the third-party entity that services loans on behalf of U.S. Bank. Guevara states U.S. Bank is in possession of the subject promissory note King signed, and identifies the note as that which is attached to the affidavit. (Doc. 35-1.) Thus, U.S. Bank asserts it holds King's promissory note, and that it possesses the right to enforce the note and foreclose on King's real property securing the note, thereby rendering all of King's claims for relief futile.

In reply, King challenges the authenticity of the promissory note attached to Guevara's affidavit. Specifically, King alleges in his proposed amended complaint (doc. 36-2 at ¶ 56), and argues in his brief, that there exist different versions of the document that LSF9 Master Participation Trust purports to be a "true and correct" copy of the original note that King signed. First, in King's bankruptcy proceedings

OneWest Bank submitted a copy of one version of the promissory note which does not state the loan number at the bottom of each page of the note, and which is not endorsed on the last page by the lender, IndyMac Bank, F.S.B. (Doc. 1-3 at 24-27.) Next, King asserts LSF9 Master Participation Trust relied upon a different version of the promissory note which identifies a loan number at the bottom of each page and which is endorsed by Cathy Powers on behalf of the lender, IndyMac Bank. (Doc. 1-8 at 4-7.) Thus, King alleges in is pleading that based on the existence of the different versions of his promissory note, LSF9 Master Participation Trust may not have been assigned, and it may not be in possession of, King's original promissory note.

Additionally, King complains that LSF9 Master Participation Trust itself has identified and relied upon two different versions of the subject promissory note. Guevara's affidavit again identifies a copy of the promissory note that is endorsed by Cathy Powers on behalf of IndyMac Bank. (Doc. 35-1 at 2-5.) But in King's bankruptcy proceedings LSF9 Master Participation Trust previously identified and relied upon a different version of the promissory note – a version that is not endorsed by IndyMac Bank. (Doc. 36-1 at 4-7.)

Based on the foregoing, King argues the various versions of his promissory note that exist, with the differences he identifies on the face of the documents,

cannot each be a true and correct copy of the "original" promissory note. His allegations assert a disputed issue as to which document is the original promissory note. Therefore, King argues he should be afforded an opportunity to explore, through discovery in this case, which version of King's promissory note is in fact a true and correct copy of the original note he signed, and to explore whether King's original promissory note has, in fact, been assigned to LSF9 Master Participation Trust.

Given the liberal policy under Rule 15 allowing amendments to pleadings, the Court finds it appropriate to grant King leave to amend for the reasons he identifies. His allegations at least plausibly suggest LSF9 Master Participation Trust and/or U.S. Bank might not be the actual holder of his promissory note. At this stage of the pleading the Court cannot definitively confirm that either U.S. Bank or LSF9 Master Participation Trust is the holder of King's promissory note as urged by U.S. Bank. That issue will have to be resolved later in appropriate further proceedings in this case.

Finally, in a footnote in its brief, U.S. Bank suggests a borrower does not have legal standing to challenge the validity of an assignment of the deed of trust or the promissory note. (Doc. 34 at 5 n.4 (citing *Armitage v. Caliber Home Loans, Inc.*, 2018 WL 502750, *5 (D. Mont. 2018).) But the Court notes some

circumstances do exist in which a borrower may challenge the validity of an assignment of a promissory note, or of a beneficial interest in a deed of trust. *See Knight v. Wells Fargo Bank*, 2016 WL 3221593, \*4 (D. Mont. 2016); *Bank of America v. Alexander*, 389 P.3d 1020, 1024 n.1 (Mont. 2017); and *ruby Valley National Bank v. Wells Fargo Delaware Trust Co. N.A.*, 317 P.3d 174, 176 n.1 (Mont. 2014) (noting that upon a foreclosure "the interest flowing to [the beneficiary] down the chain of transactions […] may well be raised and challenged by the property owner").

Here, the precise nature of any argument King may pursue challenging the validity of any assignment transferring rights and interests to LSF9 Master Participation Trust is not known at this time. Thus, the issue raised by those future challenges is not presently before the court and is not ripe for resolution. The Court concludes the issue of King's standing to challenge U.S. Bank or LSF9 Master Participation Trust's interests as assignees does not preclude King from obtaining leave to amend.

### III. Conclusion

For the reasons stated, IT IS HEREBY ORDERED that King's motion for leave to file an amended complaint is GRANTED. Pursuant to L.R. 15.1, King shall promptly file his amended complaint.

Further, because the Court is granting King leave to amend, IT IS RECOMMENDED that U.S. Bank's Fed. R. Civ. P. 12(c) motion for judgment on the pleadings be DENIED as moot, subject to renewal after King's amended complaint is filed.

DATED this 20th day of June, 2018.

Jeremiah C. Lynch
United States Magistrate Judge